J-A18030-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK ALLEN PRINKEY | : | |
| | : | |
| Appellant | : | No. 1589 WDA 2025 |

Appeal from the PCRA Order Entered November 5, 2025
In the Court of Common Pleas of Bedford County Criminal Division at
No(s): CP-05-CR-0000242-2007

BEFORE: PANELLA, P.J.E., KING, J., and LANE, J.

MEMORANDUM BY KING, J.: **FILED: August 12, 2026**

Appellant, Mark Allen Prinkey, appeals from the order entered in the Bedford County Court of Common Pleas, which dismissed as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this matter are as follows. On April 27, 2008, a jury convicted Appellant of attempted indecent assault of a person less than 13, attempted involuntary deviate sexual intercourse ("IDSI") with a child, and corruption of minors, in relation to an incident during which Appellant attempted to kiss a seven-year-old child. On September 2, 2008, the court classified Appellant as a sexually violent predator ("SVP") and sentenced him to an aggregate term of 10 to 25 years of incarceration. This

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

Court affirmed Appellant's judgment of sentence on October 15, 2010;[2] Appellant did not seek further direct review. **See Commonwealth v. Prinkey**, No. 181 WDA 2009 (Pa.Super. filed Oct. 15, 2010) (unpublished memorandum).

On November 22, 2010, Appellant timely filed a *pro se* PCRA petition, which the court denied on April 11, 2012. On August 30, 2013, this Court affirmed in part, reversed in part, vacated Appellant's judgment of sentence in part, and remanded for resentencing. **See Commonwealth v. Prinkey**, No. 777 WDA 2012 (Pa.Super. filed Aug. 30, 2013) (unpublished memorandum).[3]

On February 19, 2014, the court resentenced Appellant to an aggregate term of 26½ to 53 years of incarceration, which included a 25-year mandatory minimum, pursuant to 42 Pa.C.S.A. § 9718.2, which mandated a minimum sentence of not less than 25 years' imprisonment for the conviction of attempted indecent assault. On July 28, 2015, this Court affirmed Appellant's judgment of sentence, and on February 3, 2016, the Pennsylvania Supreme Court denied allowance of appeal. **See Commonwealth v. Prinkey**, No. 925

---

[2] This Court had deemed all issues waived on appeal for inadequate briefing except for Appellant's challenge to his SVP classification.

[3] This Court granted relief based on direct appeal counsel's ineffectiveness in failing to brief properly on appeal a challenge to the sufficiency of the evidence for Appellant's attempted IDSI conviction. Thus, this Court reversed Appellant's conviction for attempted IDSI and vacated his judgment of sentence for that crime. Because vacating that sentence upset Appellant's overall sentencing scheme, this Court also remanded for resentencing. **See id.**

WDA 2014 (Pa.Super. filed Jul. 28, 2015) (unpublished memorandum), *appeal denied*, 635 Pa. 724, 131 A.3d 491 (2016).

On May 16, 2016, Appellant filed a timely PCRA petition asserting a claim of prosecutorial vindictiveness concerning Appellant's resentence, which was more than double the original sentence imposed based on application of the mandatory minimum. The PCRA court denied relief on August 28, 2018. On June 25, 2020, this Court affirmed the denial of PCRA relief. Specifically, this Court had classified Appellant's claim as challenging the discretionary aspects of sentencing and not cognizable under the PCRA. However, on June 30, 2022, the Pennsylvania Supreme Court reversed, concluding that Appellant's sentencing challenge implicated the legality of his sentence and was cognizable under the PCRA. The Supreme Court further remanded the matter to this Court with instructions to consider the merits of Appellant's vindictive sentencing claim. **See Commonwealth v. Prinkey**, No. 1380 WDA 2018 (Pa.Super. filed Jun. 25, 2020) (unpublished memorandum), *reversed by* 673 Pa. 108, 277 A.3d 554 (2022).

Following remand, this Court affirmed on February 14, 2023, deciding that Appellant's vindictive sentencing claim lacked merit; and on July 25, 2023, the Pennsylvania Supreme Court denied allowance of appeal. **See Commonwealth v. Prinkey**, No. 1380 WDA 2018 (Pa.Super. filed Feb. 14, 2023) (unpublished memorandum), *appeal denied*, ____ Pa. ____, 302 A.3d 625 (2023).

On September 18, 2025, Appellant filed the instant, *pro se* PCRA

petition. In his petition, Appellant argued that he had satisfied the newly-discovered facts exception to the PCRA's time bar, claiming that 1) on or about August 2, 2025, Appellant received newspaper articles that the District Attorney ("DA") of Bedford County, William J. Higgins, was "under criminal investigation, relating to the obstruction of the administration of law." (*See* PCRA Petition, 9/18/25, at 3).[4] Appellant further asserted that he has been serving an illegal sentence since his February 19, 2014 resentencing. According to Appellant, his sentence was greater than the lawful maximum.[5]

On November 5, 2025, the court issued an opinion and order denying PCRA relief, explaining that Appellant's petition was untimely. The PCRA court explained that Appellant had not pled or proven that his case was impacted by DA Higgins' alleged improper conduct. Rather, the PCRA court stated that Appellant merely made general allegations, without factual support, that DA Higgins' conduct and particularly his use of alcohol, may have impacted his judgment and affected the manner in which he handled cases, including Appellant's case. Moreover, even if Appellant had satisfied the newly-discovered facts exception to render his current PCRA petition timely, the PCRA court noted that Appellant had previously litigated the issue of the legality of his sentence following his earlier appeals from resentencing.

_____

[4] Notably, the newspaper articles themselves are dated August 18 and 19, 2018.

[5] Appellant requested that the court consider a motion to modify or reduce his sentence and/or allow him to appeal with "new assistance of counsel." (PCRA Petition, 9/18/25, at 6).

On December 5, 2025, Appellant timely filed a notice of appeal. On January 2, 2026, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal within 21 days after entry of the order. On January 20, 2026, Appellant filed his Rule 1925(b) statement.[6]

On appeal, Appellant raises the following issues for review:

> Did the [PCRA] court err, and/or abuse discretion thereby committing reversible error relevant to the issue whether Appellant's issues pertaining to the legality of sentence could be considered previously litigated or waived for purposes of the PCRA, specifically 42 Pa.C.S. §§ 9543-9544?
>
> Whether PCRA relief should have been granted because appellate counsel on second direct appeal was ineffective for waiving all of the key issues on appeal and whether as a result of said ineffectiveness Appellant's direct appeal rights should be reinstated?
>
> Did the trial court err, and/or abuse discretion, thereby committing reversible error, when Appellant filed a timely post-sentence motion, which the trial court denied on May 8, 2014.
>
> Did the trial court err, and/or the Commonwealth abuse discretion thereby committing reversible error in resentencing [Appellant] to 26½ to 53 years where the resentence was illegal in that it stemmed from vindictiveness by significantly increasing the initial 10 to 25 year sentence without justifiable reason and the trial court should have given reasons for the change of concurrent sentence to consecutive sentence as it was originally

_____

[6] Although the prothonotary marked Appellant's statement as filed on January 27, 2026, Appellant dated his statement January 20, 2026, so we give Appellant the benefit of the prisoner mailbox rule. ***See Commonwealth v. DiClaudio***, 210 A.3d 1070 (Pa.Super. 2019) (explaining that prisoner mailbox rule deems *pro se* prisoner's document as filed on date he delivers it to prison authorities for mailing).

imposed by the sentencing court.

Did the trial court err, and/or the Commonwealth abuse discretion thereby committing reversible error in resentencing [Appellant] manifestly outside the guidelines without appreciation of the guidelines; had exceeded the guidelines without articulating adequate reason on the record; had double counted the offense gravity score and/or prior record score and had resentenced without considering all the relevant factors as is required by 42 Pa.C.S. § 9721(b) or otherwise without formulating an individualized sentence, does Pennsylvania's entire sentencing scheme violate Appellant's constitutional rights to equal protection of the laws and the rights against cruel and unusual punishment [under] the Eighth Amendment?

(Appellant's Brief at 3-4).

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Importantly, "[a]ny petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Additionally, although the legality of a sentence is always subject to review within the PCRA, claims must first still satisfy the PCRA's time bar or one of the exceptions thereto. *See, e.g., Commonwealth v. Fahy*, 558 Pa. 313, 331, 737 A.2d 214, 223 (1999).

To meet the newly-discovered facts timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Howard*, 285 A.3d 652, 659 (Pa.Super. 2022). Due diligence demands that a PCRA petitioner take reasonable steps to protect his own interests. *Id*. "A petitioner must explain why he could not have learned the new fact(s) earlier with the

exercise of due diligence." *Id*. The focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Burton*, 638 Pa. 687, 704, 158 A.3d 618, 629 (2017) (internal citation and quotation marks omitted).

Instantly, Appellant's judgment of sentence became final on May 3, 2016, ninety days after our Supreme Court denied Appellant's petition for allowance of appeal following his direct appeal from his resentencing. *See* U.S.Sup.Ct.R. 13 (stating appellant must file petition for writ of *certiorari* with United States Supreme Court within ninety days after entry of judgment by state court of last resort). *See also* 42 Pa.C.S.A. § 9545(b)(3). Appellant filed his current PCRA petition on September 18, 2025, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

Preliminarily, we must determine whether Appellant has preserved all issues for our review. Pursuant to the Pennsylvania Rules of Appellate Procedure, issues not raised in the trial court are waived and cannot be raised for the first time on appeal. *See* Pa.R.A.P. 302(a). Further, in the PCRA context, issues not included in an original PCRA petition, or a court approved amended PCRA petition, are deemed waived. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011) (explaining that issues not raised in PCRA petition cannot be considered on appeal).

Here, in Appellant's current September 18, 2025 PCRA petition, Appellant argued that he had recently discovered the fact that the DA who tried Appellant's case was under criminal investigation when Appellant's case

was remanded for resentencing, and that this newly-discovered fact should allow the PCRA court to find an applicable time bar exception and review his allegedly illegal sentence. Appellant now appears to have changed course, arguing on appeal that he is entitled to have his direct appeal rights reinstated because his issues were waived on direct appeal due to ineffective assistance of counsel.[7] Nevertheless, Appellant failed to include any claims regarding the ineffective assistance of counsel in his *pro se* PCRA petition, nor did he ever request to amend his petition. Thus, as Appellant failed to raise this issue before the PCRA court, it is not preserved for our review. *See id.*; Pa.R.A.P. 302(a). Moreover, a claim of ineffective assistance of counsel does not by itself invoke any applicable time-bar exception. *See Commonwealth v. Robinson*, 635 Pa. 592, 597-98, 139 A.3d 178, 185-86 (2016) (observing "well-settled proposition that couching post-conviction issues in terms of ineffectiveness cannot 'save' an untimely filed PCRA petition that does not fall into any of the exceptions to the PCRA's jurisdiction time bar"); *Commonwealth v. Gamboa Taylor*, 562 Pa. 70, 80, 753 A.2d 780, 785 (2000) (observing that claim for ineffective assistance of counsel does not save otherwise untimely petition for review on merits).

---

[7] We reiterate that on direct appeal, all claims except for Appellant's challenge to his SVP designation were deemed waived for inadequate briefing. Ultimately, however, on appeal from the denial of Appellant's first PCRA petition, this Court granted relief and vacated Appellant's conviction and sentence for attempted IDSI as a result of direct appeal counsel's failure to preserve this claim for review.

Based on the assertions set forth in Appellant's PCRA petition, our review of the record confirms that Appellant has not satisfied the requirements for the proffered time-bar exception. Although Appellant claims that he discovered on or about August 2, 2025 that former DA Higgins was facing criminal charges, Appellant does not explain why he could not have learned of these facts earlier by the exercise of due diligence, nor does he explain with any certainty or specificity that the conduct of DA Higgins had any bearing on the outcome of Appellant's case.[8] ***See Howard, supra***. ***See also Commonwealth v. Reeves***, 296 A.3d 1228, 1233 (Pa.Super. 2023) (noting that, in cases where PCRA petition relies upon newspaper articles alleging governmental misconduct, appellant must still cite new information regarding **his own case**). On this record, we discern no error in the PCRA court's conclusion that Appellant failed to overcome the jurisdictional hurdle. ***See Hackett, supra***. Accordingly, we affirm.

Order affirmed.

---

[8] Appellant generally asserts that he was entitled to an evidentiary hearing on this basis. However, Appellant fails to identify what evidence, if any, he expects to be gleaned from such a hearing. ***See Commonwealth v. Roney***, 622 Pa. 1, 18, 79 A.3d 595, 605 (2013) (observing that evidentiary hearing on PCRA petition is not meant to function as fishing expedition for any possible evidence that could support some speculative claim).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/12/2026